PEDROGO ET AL., PLAINTIFFS AND APPELLEES, *v.* SUCCESSION OF HUERTAS, DEFENDANT AND APPELLANT.

Appeal from the District Court of Ponce in an Action of Filiation.—New Trial.

No. 1542.—Decided April 13, 1917.

NEW TRIAL—AFFIDAVIT.—The Code of Civil Procedure contains no provision requiring that a motion for a new trial shall be verified. The English text of section 222 provides that when it is made for a cause mentioned in the first, second and third subdivisions of section 221, it must be made upon affidavit.

ID.—MINUTES OF COURT—STATEMENT OF CASE.—When a motion for a new trial is made upon the minutes of the court, as provided for by subdivision 4 of section 223 of the Code of Civil Procedure, a statement of the case is not required. This is shown by section 224 of the same code. Subdivision 3 of section 223 is applicable only when the motion is made upon a statement of the case, which should specify the errors assigned.

ID.—FILIATION—INFORMATION—DEMURRER—DISCRETION OF COURT.—When an action of filiation is brought against several persons as members of a succession according to the title of the complaint, without any allegation showing how they derive their status as such members of the succession, and a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action is overruled, the court commits manifest error

which produces the result that the plaintiff goes to trial under the impression that the allegations of his complaint are sufficient; therefore the court does not abuse its discretion in granting him a new trial.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for the appellant.

*Messrs. Manuel* and *José Tous Soto* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Judgment having been rendered dismissing the complaint in this action, the plaintiffs moved for a new trial on the grounds of accident or surprise and error of law on the part of the court in refusing to grant them a continuance in order to enable them to introduce certain evidence, which ruling was excepted to—subdivisions 2 and 6 of section 221 of the Code of Civil Procedure. The lower court granted a new trial and the defendants appeal from that decision.

The first ground assigned by the appellants is that in rendering the said decision the lower court erred in not overruling the motion for a new trial because it was not verified or accompanied by a statement of the case to support it.

As regards the first ground, we find no provision in our Code of Civil Procedure which requires that such a motion should be verified, but what section 222 requires, according to the English text, is that when it is based on any of the causes mentioned in the first, second and third subdivisions of section 221 it must be made upon affidavit; and the plaintiffs complied with this requirement by filing the affidavit of José Q. Torres Sallaberry. Nor was it necessary to file a statement of the case, for section 223 allows the party moving for a new trial to base his motion on affidavits, or the records and files in the action, or the minutes of the court, or a bill of exceptions, or a statement of the case; and the plaintiffs having served notice that they based the second ground of their motion on the minutes of the court, they complied with the requirement of subdivision 4 of section 223, because, having based the second ground of the motion on an error of law committed at the trial, the motion specified the said error.

That no statement of the case is necessary when the motion is based on the minutes of the court is shown by section 224 in providing that the application for a new trial shall be heard at the earliest practicable period if the motion is based on the minutes of the court, and in other cases, after the affidavits, bill of exceptions or statement, as the case may be, are filed, and that reference may be had not only to the pleadings and orders of the court on file, but also to any depositions, documentary evidence and stenographic report of the testimony on file. The third paragraph of subdivision 3 of section 223 cited by the appellants is applicable only when the motion is based on a statement of the case in which the alleged errors must be specified, but this does not mean that a statement of the case must be prepared when the motion is based on the minutes of the court.

The second assigment of error is because of the refusal of the court to approve the statement of the case for the purposes of this appeal, as submitted by the appellants, and of its having ordered that certain parts of it be stricken out. However, this is not a matter for our consideration inasmuch as the said order to strike out has not been appealed from and is not a subject of this appeal, which involves only the question of whether the order granting a new trial was erroneous.

We will consider the other two grounds of appeal together for they both raise the question upon which this appeal is based; namely, whether the court erred in holding that the appellees were surprised at the trial and, therefore, in granting them a new trial, inasmuch as this was the ground on which the court based its ruling.

The plaintiffs brought an action of filiation against various persons as members of the Succession of Felipe Huertas, as appears from the title of the complaint, but failed to allege therein why said persons composed the succession. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action and

the court overruled the demurrer. On the day of the trial the plaintiffs rested their case without introducing any evidence on this point, and when the court called their attention to this they undertook to establish the same by witnesses, to which the defendants objected and were sustained by the court. They then asked for a continuance so that they might produce that evidence, but this was denied and judgment was rendered dismissing the complaint because of the lack thereof. Later they moved for a new trial, pleading accident or surprise, because, according to an affidavit, their attorney believed in good faith that the complaint connected the defendants with the cause of action and that that fact had been admitted by them. They also alleged that the court erred in refusing to grant them a continuance. On their part the defendants filed an affidavit of their attorney contradicting the other affidavit and insisting that the ground of their demurrer was the lack of such connection.

The court clearly erred in overruling the demurrer of the defendants, thereby causing the plaintiffs to go to trial under the impression that the allegations of their complaint were sufficient and, therefore, that by proving such allegations they would obtain judgment. In such circumstances the lower court was justified in sustaining their motion for a new trial, thus rectifying the results of its error; therefore, we are unable to see that it abused the discretion conferred upon it by law for ruling upon the motion.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.